Dear John B. Norris, III, Esquire
You requested our opinion on the application of the St. Mary's County Open Meetings Act ("St. Mary's Act" or "the Act") to a "pre-application meeting" conducted in accordance with the County's zoning law in anticipation of a future application for site plan approval under that law. Specifically, you inquired whether such a session is a meeting of a "public agency" for which the Act requires advance written public notice.
In our opinion, a pre-application meeting does not constitute a public agency meeting under the St. Mary's Act. Therefore, the public notice provisions of the Act do not apply.
 I Site Plan Approval Process
As a prerequisite to filing a major site plan application under the St. Mary's County Comprehensive Zoning Ordinance ("Zoning Ordinance"),[1]
the applicant must attend a pre-application meeting with the Planning Director and representatives of "relevant agencies" to identify and discuss various factors in connection with the proposed development. Zoning Ordinance § 60.4.1.a.[2] As we understand it, the purpose of the meeting is to ensure that the applicant is aware of the type of information that the applicant will need to provide and the issues that will be addressed during the development review process.
You indicated that attendance at these meetings varies with the nature of the project, but that a meeting might include representatives from one or more of the following agencies: St. Mary's County Department of Planning and Zoning, St. Mary's County Department of Permits and Inspections, St. Mary's County Department of Public Works and Transportation, St. Mary's County Health Department, State Highway Administration, Soil Conservation District, and St. Mary's County Metropolitan Commission Board. Representatives of additional agencies, such as the St. Mary's County Department of Recreation and Parks, may also attend. While County department heads sometimes attend pre — application meetings, the Planning Director generally designates a staff member to attend in his stead. Thus, the agencies represented, as well as participating agencies' representatives, vary from meeting to meeting.
After a pre-application meeting, the applicant must file a concept site plan. Zoning Ordinance, § 60.4.1.b. Once the Planning Director determines that the application and concept site plan are complete, the materials are referred to the Technical Evaluation Committee ("TEC"). Zoning Ordinance, § 60.4.1.c.
The TEC is established by the Zoning Ordinance and includes representatives of several agencies named in the ordinance, representatives of additional agencies designated by the Board of County Commissioners, and a citizen member appointed by the County Commissioners. Zoning Ordinance, § 20.5. The Planning Director is the chair of the TEC. Id. Although an agency that participates in a pre-application meeting may also be represented on the TEC, the agency is not necessarily represented by the same individual in both contexts.
The TEC reviews the application and concept site plan and makes recommendations to the Planning Director, who then determines whether the applicant must make changes before the concept site plan is forwarded to the Planning Commission for approval. Zoning Ordinance, § 60.4.1.c, d. If the Planning Commission approves the concept site plan, a final site plan is submitted for review by the TEC and by the Planning Director. Zoning Ordinance, § 60.5; see also Zoning Ordinance, Figure 21.1.a, (outlining development review process). Final approval authority for a site plan rests with the Planning Director. Zoning Ordinance § 60.2.
 II St. Mary's County Open Meetings Act
The St. Mary's Act was initially enacted by the General Assembly in 1976. Chapter 715, Laws of Maryland 1976, codified as amended at Annotated Code of Maryland, Article 24, § 4-201, et seq. The Act applies to units of the St. Mary's County government, as well as the St. Mary's County Board of Education. Like the State Open Meetings Act[3]
and the federal Government in the Sunshine Act,[4] the St. Mary's Act is intended to allow the public to observe government deliberations. Article 24, § 4-201.
The Act addresses two types of meetings, and, subject to specific statutory exceptions,[5] requires that these meetings be open to the public: (1) meetings of a "public agency" at which official action is taken regarding public business; and (2) staff meetings of a public agency. Article 24, § 4-203. The Act imposes additional requirements for the first category of meeting: advance written public notice of the meeting and an obligation to keep minutes. Article 24, § 4-204,24, § 4-207.[6]
 III Analysis
You asked whether the St. Mary's Act requires that there be advance written public notice of a pre-application meeting. As indicated above, this turns on whether a pre-application meeting is a meeting of a "public agency" at which "official action" is taken.
 A. "Public Agency" 
A "public agency" is defined for purposes of the Act as follows:
"Public agency" includes:
 (1) Any agency, assembly, authority, board, bureau, commission, committee, council, or department of St. Mary's County, except as provided in § 4-209 of [the Act], including advisory and quasi-judicial agencies, supported in whole or in part by public funds or authorized to expend public funds;
(2) The St. Mary's County Board of Education; and
 (3) Subcommittees and other subordinate units of the agencies above.
Article 24, § 4-202(b).[7]
The St. Mary's County Department of Planning and Zoning is undoubtedly a public agency under this definition. However, while a pre-application meeting is conducted by the director of that agency (or, in practice, the director's designee), meeting participants hail from a variety of government agencies.
First, we consider whether any meeting conducted by an agency official, such as the Planning Director, is a meeting of a public agency for purposes of the Act. The St. Mary's Act defines a "meeting" of a public agency to be "the convening of a quorum of the constituent membership of a public agency to deliberate or act upon a matter over which the public agency has supervision, control, jurisdiction or advisory power." § 4-202(c) (emphasis added).[8] A statute that applies to the gathering of a quorum of an entity necessarily implies that the entity has multiple members. Schwing, Open Meeting Laws § 4.48 n. 2 (1994). Thus, the Act does not apply to a meeting simply because an agency official is involved, even if that individual is the head of the agency. Like a "public body" under the State Open Meetings Act, or an "agency" under the federal Government in the Sunshine Act, the concept of a "public agency" under the St. Mary's Act requires a public deliberative body consisting of at least two individuals.
We next consider whether an ad hoc assembly of agency representatives convened for a pre-application meeting constitutes a "public agency." In a 2000 opinion, the State Open Meetings Law Compliance Board reviewed a similar pre-application process required under a Talbot County zoning ordinance and concluded that a committee of government officials assembled for a pre — application meeting was not a "public body" under the State Open Meetings Act. Compliance Board Opinion No. 00-9 (October 10, 2000), reprinted in 3 Official Opinions of the Maryland Open Meetings Compliance Board ___. The Compliance Board determined that, although "an ad hoc assemblage of the applicant, the planning officer, and those state and local officials who had an interest in discussing a particular proposal" performed a function required under the ordinance, no legal enactment created a distinct entity with a designated membership to carry out that function. Id., slip op. at 2.[9]
Unlike the definition of "public body" under the State Open Meetings Act,[10] the definition of "public agency" under the St. Mary's Act does not depend on the manner by which an agency is established. However, we find the reasoning of the Compliance Board persuasive. While the Zoning Ordinance requires an applicant to attend a pre-application meeting, it cannot reasonably be read to create an identifiable "public agency." By definition, the attendees at a pre-application meeting will vary depending on the agencies that participate, the representatives designated to attend, and the nature of the project. This is inconsistent with the notion of an established entity contemplated in the Act. Thus, although the definition of "public agency" does not necessarily presuppose the formal establishment of an entity, the variable composition of pre-application meetings bears some weight in determining whether the group is subject to the Act. Schwing, Open Meeting Laws § 4.42 (1994). Moreover, as a practical matter, when there is no clear definition of the composition of the group, it is impossible to determine whether a "quorum" has assembled.
Under the St. Mary's Act, a subcommittee or subordinate unit of an agency may also constitute a "public agency." Article 24, § 4-202(b)(3). Thus, it might be argued that a pre-application meeting is covered by the Act because it is a subordinate unit of some other entity. However, participants in the pre-application meeting represent multiple agencies. Although individual participants may also participate in other steps required in the review of a major site plan application, they do not operate as a subordinate unit of any particular agency in connection with the pre-application meeting.
Nor does the composition of the pre-application meeting bear any necessary relation to entities that may evaluate an application later in the development review process. To be sure, the Planning Director and other officials who might participate in the pre-application meeting may also participate as members of the TEC in connection with a proposed development. However, the TEC is a distinct entity established by the Zoning Ordinance, performing specific steps in the site plan approval process that are separate and apart from the pre-application meeting.
Thus, while the definition of "public agency" in the St. Mary's Act obviously was intended to be broad, in our view, the ad hoc assembly of representatives of various departments who convene for the purpose of a pre-application meeting, as contemplated in the Zoning Ordinance, lacks sufficient formality to constitute a "public agency" for purposes the Act.[11]
 B. "Official Action"
The notice provision of the St. Mary's Act applies to a "public agency" meeting "at which official action is taken regarding public business . . ." Article 24, § 4-203(a). To be sure, the term "official action" is not limited to final decision-making by the agency. Like the State Open Meetings Act, the St. Mary's Act reaches the entire decision-making process, "including receipt of information, deliberation and decision . . ." Article 24, § 4-202(e); 80 Opinions of the Attorney General 241 (1995). However, the pre-application meeting appears to be a step removed from the decision-making process. As we understand it, the purpose of the pre-application meeting is to provide the applicant with an indication of the type of information that will be required and the issues that will be addressed later in the development process, before the applicant submits a concept site plan. In our view, the preliminary nature of the pre-application meeting means that it is not part of the application approval process, or even the start of a deliberative process in connection with the application. In sum, a pre-application meeting is not one at which "official action" is taken.
 IV Conclusion
In our opinion, a pre-application meeting under the Zoning Ordinance does not constitute a public agency meeting for purposes of the St. Mary's County Open Meetings Act. Accordingly, the public notice requirements of the Act do not apply.
 J. Joseph Curran, Jr. Attorney General
 William R. Varga Assistant Attorney General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] A copy of the Zoning Ordinance is available through the Internet at http://www.co.saint-marys.md.us/planzone/docs/zoningordinance.
[2] This provision reads:
The applicant shall attend a pre-application meeting with the Director of Planning and Zoning and other relevant agencies to identify and discuss site access, resource protection, neighborhood impacts, adequate public facilities, compliance with the Comprehensive Plan and any relevant functional or small area plans.
[3] Annotated Code of Maryland, State Government Article ("SG"), § 10-501, et seq.
[4] 5 U.S.C. § 552b.
[5] The St. Mary's Act identifies eleven situations in which a public agency or staff may conduct an "executive session," a meeting closed to the public, subject to certain procedural requirements. Article 24, § 4-210. However, an ordinance, rule, regulation, or decision may not be finally adopted at an executive session, and any decision by a public agency to purchase or dispose of real property must be made in a public session. See Article 24, § 4-210(d) and (e).
[6] Other provisions of the St. Mary's Act address the reconvening of a meeting (§ 4-205), meeting facilities (§ 4-206), recording and broadcasting of meetings (§ 4-208), entities exempted from the Act (§ 4 — 209), criminal and civil remedies (§§ 4-211 through 4-213), its relationship to other laws (§ 4-214), regulations for maintenance of order (4-215).
[7] Article 24, § 4-209 excludes certain bodies from the Act as follows:
 This subtitle does not apply to the following public agencies:
(a) The Judicial Branch;
(b) Grand juries;
(c) Petit juries; [and]
(d) Law-enforcement agencies.
[8] The term "quorum" is defined under the St. Mary's Act as follows:
 "Quorum" unless otherwise defined by applicable law, means a simple majority of the constituent membership of a public body.
Article 24, § 4-202(g).
[9] Although the focus of your inquiry was the St. Mary's Act, we have also considered the potential application of the State Open Meetings Act, because the two statutes must be construed together. See Article 24, § 4-214 and SG § 10-504. Because participants in a pre-application meeting would not meet the statutory definition of a "public body," SG § 10-502(h), the State Open Meetings Act would not apply.
[10] "Public body" is defined under the State Open Meetings Act, in part, as
. . . an entity that: . . .
(ii) is created by:
1. the Maryland Constitution;
2. a State statute;
3. a county charter;
4. an ordinance;
5. a rule, resolution, or bylaw;
6. an executive order of the Governor; or
 7. an executive order of the chief executive authority of a political subdivision of the State. . . .
SG § 10-502(h)(1)(ii).
[11] We note that, although a pre-application meeting under the Zoning Ordinance is not a public agency meeting, it may constitute a "staff meeting" that must be open to the public, unless a statutory exemption applies to the particular meeting. Article 24, § 4-203(b). "Staff meeting" is defined under the Act as "a meeting of three or more staff members or a combination of three or more staff members of a public agency." Article 24, § 4-202(f) (emphasis added). We need not resolve this question to respond to your inquiry, however, as the obligation to provide advance written public notice does not apply to staff meetings. Article 24, § 4-204(e). *Page 31